UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Nathaniel Hearn,                                    Case No.  3:18-cv-02395

    Plaintiff

v.                                                  MEMORANDUM OPINION
                                                    AND ORDER

Sheriff Paul Sigworth, et al.,

    Defendants


**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Nathaniel Hearn filed this action under 42 U.S.C. § 1983 against Erie County Sheriff Paul Sigsworth, Sandusky Police Chief John Orzech, Sandusky Police Officer Dawn Allen, Sandusky Police Officer Michael Lucas Rospert, Erie County Jail Doctor or Nurse John Doe, Erie County Doctor or Nurse Jane Doe, and Erie County Sheriff's Deputy Lieutenant Thomas Proy.  In the Complaint, Plaintiff alleges he was arrested at a traffic stop, his vehicle was improperly towed and impounded, he was denied medical care for various conditions, and Sigsworth improperly required him to register as a sexual offender.  He claims violations of his First, Fourth, Eighth, and Fourteenth Amendment rights as well as the Privacy Act, 5 U.S.C. § 552a.  He seeks monetary relief.

Plaintiff contends Officer Rospert initiated a traffic stop on or near August 1, 2018.  The officer informed Plaintiff he had several outstanding warrants and arrested him.  Plaintiff indicates that after placing him in the back of the police car, Rospert got into Plaintiff's car and drove it to a

parking lot. The officer then returned to the car and asked Plaintiff for the key which Plaintiff was wearing on the belt loop of his shorts.[1] He claims he refused to relinquish the key, and Rospert yanked it, ripping the belt loop. He states that when Rospert closed the door to the car, the door hit the back of his elbow causing a shocking, tingling sensation. Officers took Plaintiff to Firelands Hospital for x-rays of his elbow.

Plaintiff indicates the hospital personnel would not check his neck, shoulder or wrist which Plaintiff claimed to also have been injured when the door bumped his elbow. He does not allege whether the medical staff found any injury. He states that because he was handcuffed, Rospert assisted him by placing the shoes back on his feet so they could leave. Plaintiff contends Rospert did not get the shoes completely on his feet when he tried to stand, causing him to trip. Rospert and another officer assisted him to his feet. Plaintiff states Rospert grabbed the arm that had been bumped by the door. Plaintiff alleges this dislocated his shoulder and his wrist. Again, he does not indicate that this was verified by medical staff at the hospital.

Plaintiff states he asked his family to retrieve his car while he was at the hospital. He states the car had been towed so the police could do a warrantless inventory search. He contends the police did not inform him that his car had been towed until August 12, 2018. He filed a grievance with Lieutenant Proy asking for the name of the towing company. Proy told him to tell his family to contact the Sandusky police about retrieving the car. Plaintiff contends the police refused to talk to his family. He claims, without explanation, that Allen approved the police report stating officers located the vehicle in the 1400 block of First Street and that it was towed. He contends Sigsworth acted in concert with the police to deny him the location of the car so the storage fees would be over $2,000.00. He asserts Defendants violated his Fourth, Eighth, and Fourteenth Amendment

---

[1]   It appears from the facts stated by Plaintiff that the car has a keyless ignition that only requires the key fob to be in the vehicle to start it. Once the ignition is turned off, the key would be needed to restart the car.

rights. He asserts that failure to inform him of the location of his car was a violation of the Privacy Act.

Plaintiff also contests conditions at the Erie County Jail. He states that because he claimed to be injured, he was placed in a medical holding cell. Those cells do not have access to a telephone, showers, or visits. In addition to the injuries he claims to his shoulder, elbow, and wrist, he alleges he developed a knot in his stomach. He states he had two siblings that died from cancer and he took "50,000 mg [of] Vitamin D pills" to help his body fight cancer. He indicates medical personnel at the jail would not give him this large dose of Vitamin D. He asserts this violated his First, Fourth, Eighth, and Fourteenth Amendment rights.

Finally, Plaintiff objects to being required to register as a sexual offender. He states he was convicted of sexual assault in Phoenix, Arizona. He contends his "case" was "final, completely done" in 1992. (Doc. No. 1 at 10). He alleges that under Ohio law, offenders whose cases are "completely done" prior to 1997 do not have to register.[2] He contends Sigsworth is requiring him to register nonetheless and is issuing community notifications. He contends this violates his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or

---

[2] It is unclear whether Plaintiff is using the phrase "completely done" to mean the date of conviction or the date the sentence is fully served.

3

when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**ANALYSIS**

Plaintiff first asserts his Fourth Amendment rights were violated. As an initial matter, Plaintiff does not appear to contest the traffic stop. He does not dispute he had warrants for his arrest when the officers pulled him over. He does not mention or contest a search incident to arrest. He suggests officers wanted his car towed so an inventory search could be conducted.

Inventory searches are exceptions to the warrant requirement of the Fourth Amendment. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987). Such searches may be conducted if police have lawfully taken custody of a vehicle and they are conducted according to standard police procedure. *United States v. Lumpkin*, 159 F.3d 983, 987 (6th Cir. 1998)). "[O]fficers are required to follow 'standardized criteria ... or established routine' to assure that inventory searches are not 'a ruse for a general rummaging in order to discover incriminating evidence.'" *United States v. Hockenberry*, 730 F.3d 645, 659 (6th Cir. 2013) (quoting *Florida v. Wells*, 495 U.S. 1, 4 (1990)). Although Plaintiff

4

contends relatives could have come to claim his vehicle, he does not allege facts suggesting the vehicle was improperly towed by police, that police actually conducted an inventory search or if they did, that the search was conducted improperly.

Instead, Plaintiff's claim seems to center solely on the fact that his car was towed and held in storage, requiring him to pay towing and storage fees to retrieve it. Plaintiff does not allege facts suggesting how this violated the Fourth Amendment. Officers have discretion to tow and impound a vehicle so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity. *Hockenberry*, 730 F.3d at 658-59; *see also United States v. Kimes*, 246 F.3d 800, 805 (6th Cir. 2001) ("The Fourth Amendment permits impoundment decisions ... that are objectively justifiable ... regardless of an officer's subjective intent.").

Furthermore, an impoundment decision will not be impermissible simply because alternatives to impoundment might exist. *See Kimes*, 246 F.3d at 805 (holding that officer were not required to "take[ ] it upon themselves to call [the Defendant's] wife and ask her to get the vehicle"); *United States v. Agofsky*, 20 F.3d 866, 873 (8th Cir. 1994) ("Nothing in the Fourth Amendment requires a police department to allow an arrested person to arrange for another person to pick up his car to avoid impoundment and inventory."). Plaintiff does not allege that police failed to follow standard criteria for towing his vehicle.

Plaintiff's claims under the Privacy Act are without merit. The Privacy Act, 5 U.S.C. § 552a, specifically limits its relief for damages to civil actions against a federal agency. *Windsor v. The Tennessean*, 719 F.2d 155, 160 (6th Cir. 1984). None of the Defendants are federal agencies.

Next, Plaintiff asserts claims pertaining to his treatment by officers after his arrest, and the medical care he received in jail. "The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Baker v.*

5

*Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Pretrial detainees receive these same protections through the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Their claims, however, are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff does not allege sufficient facts to reasonably suggest he was suffering from a serious medical condition, or that he was exposed to the kind of extreme deprivation that would meet the objective criteria. He indicates Rospert caused injury to his elbow, neck, shoulder, and wrist when he hit Plaintiff's elbow while closing the door to the cruiser, and when trying to help Plaintiff after he tripped. He contends he was at the hospital but does not indicate he received a medical diagnosis of substantial injury to his elbow, neck, shoulder, or wrist. He also indicates he has a knot in his

stomach which he believes to be cancer. Again, he does not indicate he ever received a medical opinion confirming this self-diagnosis.

Furthermore, even if Plaintiff's conditions were sufficiently serious to meet the objective criteria, Plaintiff has not alleged facts suggesting the Defendants were deliberately indifferent to his needs. They took him to the hospital so that medical professionals could evaluate and treat any potential injuries he may have sustained from the car door. He was at the hospital when he tripped and Rospert grabbed his arm. Plaintiff alleges Rospert attempted to assist him by helping him with his shoes but did not get the shoes completely on Plaintiff's feet. This action, at best, was negligent. There are no facts in the Complaint indicating Rospert was deliberately indifferent to Plaintiff's serious medical needs.

Plaintiff contends he was placed in a medical holding cell upon arriving at the jail. He remained there for 12 days. In that cell, Plaintiff claims he did not have access to a telephone, showers, or visits with his family. The Complaint does not indicate which Defendants, if any, were directly responsible for these conditions.

In addition, Plaintiff alleges medical personnel at the jail would not give him large doses of Vitamin D, which Plaintiff claims he needed to prevent cancer. As an initial matter, Plaintiff does not allege that he was ever diagnosed with cancer. He contends he developed a knot in his stomach and he feared cancer as he has a family history of the disease. Moreover, Plaintiff also does not allege he was prescribed large doses of Vitamin D by a medical professional. He states only that medical personnel in the jail discontinued his high dose of the vitamin. This claim amounts to nothing more than a difference of opinion regarding the medical diagnosis and recommended treatment. Differences of opinion do not rise to the level of an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Finally, Plaintiff contends Sigsworth is requiring him to register as a sex offender based on a conviction in Arizona for sexual assault in 1981. He claims Ohio law does not require registration for convictions obtained prior to 1997. Although Plaintiff asserts this violates his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights, he does not provide any explanation of these claims. Whether a state officer violated a state statute is a matter of state law, and not necessarily federal constitutional law. *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993). Plaintiff does not provide any information suggesting a federal constitutional violation occurred.

It is possible Plaintiff may be attempting to assert a procedural due process claim. To prevail on a procedural due process claim, the Plaintiff must plead and prove either (1) he was deprived of a constitutionally protected liberty or property interest as a result of an established state procedure that itself violates due process rights; or (2) by pleading and proving that the Defendants deprived him of a protected liberty or property interest pursuant to a random and unauthorized act and that available state remedies would not be adequate to redress the deprivation of property. *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 588 (6th Cir. 2004) (citing *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Zinermon v. Burch*, 494 U.S. 113, 132, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)). *See also Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983).

There is nothing in the Complaint which suggests Plaintiff is challenging an established state procedure. Instead, it appears he is asserting he was required to register as a sexual offender due to unauthorized acts of Sigsworth. If this is his claim, he must also plead and prove that his remedies under Ohio law are inadequate to redress the situation. Plaintiff has not suggested he attempted to raise this issue in the Ohio courts nor that this remedy would be ineffective to redress the wrong. He fails to state a claim upon which relief may be granted.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge